**In re WAL–MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION,**

**Carolyn Beasley Burton; et al., Appellants,**

**v.**

**Class Counsel and Party to Arbitration and Arbitrator, Appellees.**

**374**

In re: Wal–Mart Wage and Hour
Employment Practices
Litigation,

Carol Powell Laplant, Appellant,

v.

Class Counsel and Party to Arbitration
and Arbitrator, Appellees.

Nos. 11–17718, 11–17778.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2013.

Filed Dec. 17, 2013.

Before: D.W. NELSON, M. SMITH,
and IKUTA, Circuit Judges.

MEMORANDUM *

Appellants Carolyn Burton, Robert
Mills, the Mills Law Firm, and Carol La-
Plant (collectively, the Burton Group) ap-
peal from the district court's confirmation
of an arbitration award allocating attor-
neys' fees and denial of their motion to
vacate the award under 9 U.S.C. § 10(a).
In an opinion filed contemporaneously with
this memorandum disposition, we hold that
parties may not waive or eliminate judicial
review of arbitration awards under § 10 of
the Federal Arbitration Act (FAA). Ac-
cordingly, we have jurisdiction to proceed
to the merits of the Burton Group's argu-
ments concerning vacatur. Because the
parties are familiar with the facts and
procedural history of this case, we repeat

only those facts necessary to resolve the
issues raised on appeal. We affirm.

"We 'review the confirmation or vacation
of an arbitration award like any other dis-
trict court decision ... accepting findings
of fact that are not clearly erroneous but
deciding questions of law de novo.'" *Cou-
tee v. Barington Capital Grp., L.P.*, 336
F.3d 1128, 1132 (9th Cir.2003) (quoting
*Barnes v. Logan*, 122 F.3d 820, 821 (9th
Cir.1997) (citations and internal quotation
marks omitted)). The Burton Group has
not demonstrated that any of the district
court's factual conclusions are clearly erro-
neous, *see Turtle Island Restoration Net-
work v. U.S. Department of Commerce*,
672 F.3d 1160, 1165 (9th Cir.2012), nor has
it shown that the district court erred with
respect to matters of law.

The district court correctly concluded
that the arbitrator's decision was not pro-
cured by corruption, fraud, or undue
means. *See* 9 U.S.C. § 10(a)(1). The dis-
trict court also correctly concluded that
the arbitrator was not evidently partial or
actually biased. *See id.* § 10(a)(2). As the
district court found, the *Salvas* mediation
and checks were disclosed and did not
evidence bias, the allegedly ex parte com-
munications were not ex parte, and the
press comments did not show actual bias.
The arbitrator did not exceed his arbitral
jurisdiction and did not issue biased rul-
ings. To the extent the arbitrator failed to
disclose his role as arbitrator in the
*Smokeless Tobacco* cases, it was a "trivial"
relationship without the type of direct fi-
nancial connections that raise concern and
need not have been disclosed. *See Com-
monwealth Coatings Corp. v. Cont'l Cas.
Co.*, 393 U.S. 145, 150, 89 S.Ct. 337, 21
L.Ed.2d 301 (1968) (White, J., concurring);
*New Regency Prods., Inc. v. Nippon Her-*

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

*ald Films, Inc.*, 501 F.3d 1101, 1103 (9th Cir.2007). The district court correctly concluded that the arbitrator did not engage in misconduct, and that even if he did, the Burton Group did not establish that the alleged misconduct prejudiced them. *See* 9 U.S.C. § 10(a)(3). Finally, the district court correctly concluded that the arbitrator did not exceed his powers, and that the arbitration award did not reflect a manifest disregard for law. *See id.* § 10(a)(4); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir.2011). Accordingly, the district court properly confirmed the arbitration award and denied the Burton Group's motion to vacate.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.